◼ In the Matter of Eugene Hollander et al., Respondents, v Robert Whalen, as Commissioner of Health of the State of New York, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered August 30, 1977 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to enjoin appellants from conducting a hearing with respect to a proposed revocation of approvals of establishment for two of petitioner's nursing homes. Petitioner was engaged in the operation of several nursing homes. The Gotham Care Center and Holland Care Center were two nursing homes which

petitioner was building after obtaining the necessary approvals of establishment pursuant to section 2801-a of the Public Health Law. Petitioner had not yet obtained the operating certificates required before a nursing home may be operated (Public Health Law, § 2805) when he pleaded guilty to several crimes. It appears that prior to his sentencing, an agreement was reached whereby petitioner agreed to pay $1,000,000 to the Special Prosecutor and the Department of Health agreed to appoint receiver-lessees of the Gotham and Holland Care Centers with petitioner as lessor. The Department of Health commenced administrative proceedings, by notices informing petitioner of a hearing to be held, concerning the revocation of the approvals of establishment for the two facilities on the ground that petitioner had been convicted of a crime. Petitioner commenced the instant article 78 proceeding in order to prevent the hearing from being held. Special Term granted the petitioner's application and this appeal ensued. Pursuant to the authority granted in section 2801-a (subd 10, par [a]) of the Public Health Law, the Public Health Council has adopted regulations providing for the revocation of approvals of establishment for nursing homes. The applicable regulation (10 NYCRR 600.5) speaks of both a person "whose application for establishment has been approved" and an "established operator." An approval of establishment may be revoked upon a finding that the "established operator" has been convicted of a crime (10 NYCRR 600.5 [e]). It is petitioner's contention that since he received only an approval of establishment and never obtained an operating certificate, he is not an "established operator" whose conviction of a crime can serve as the basis for the revocation of the approval of establishment. We agree. Since the Public Health Law's two-step approval process creates a category of people who will have received an approval of establishment without yet obtaining an operating certificate, we must assume that the Public Health Council, in promulgating 10 NYCRR 600.5, intended the phrases "person, whose application for establishment has been approved" and "established operator" to have distinct meanings. Accordingly, we hold that the conviction of a crime by one who has not received an operating certificate cannot serve as the basis of a revocation of an approval of establishment under the existing regulations adopted by the Public Health Council. We have examined the other arguments raised by appellants and find them to be without merit. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.